IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Phillip Benjamin McFadden,  Plaintiff,  v.  Andrew M. Saul, Commissioner of the Social Security Administration,  Defendant. | Civil Action No. 4:18-cv-02760-TLW  **Order** |

Plaintiff Phillip Benjamin McFadden brought this action pursuant to Section 205(g), as amended 42 U.S.C. 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for Supplemental Security Income. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Thomas Rogers, III. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 22. Plaintiff filed objections to the Report. ECF No. 27. The Commissioner replied to Plaintiff's objections. ECF No. 31. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. The issues before the Court are whether the final decision of the Commissioner, that Plaintiff was not disabled, is supported by substantial evidence and whether the proper legal standards were applied. After reviewing the record and the decision of the ALJ, and in light of the objections filed, the Court concludes that the ALJ supported his decision meeting the substantial evidence standard.

Plaintiff first objects that the ALJ improperly considered Listing 12.05B. Second, Plaintiff objects that the ALJ failed to consider Plaintiff's Attention Deficit Hyperactivity Disorder (ADHD) in determining the Plaintiff's RFC assessment.

Plaintiff notes in his objections that he does not meet Listing 12.05B; however, he states, "[i]t should be emphasized that Mr. McFadden comes within a hair's breadth of meeting Listing 12.05B…" ECF No. 27 at 1. Plaintiff further thus argues

that the ALJ improperly considered Listing 12.05B because he found that Plaintiff did not have a valid IQ score between 60 and 70.

The ALJ found that Listing 12.05B was not met because there was no valid IQ score to satisfy the first prong requirement of significantly subaverage general intellectual functioning. (Tr 21). Despite Plaintiff registering a full scale IQ score of 67 on an evaluation conducted by Dr. Fishburne in June 2015, the ALJ determined that "the I.Q. results gleaned from Dr. Fishburne's examination to be questionable with respect to their validity." *Id.* The Magistrate Judge determined that although an IQ score between 60 and 70 is not automatically binding on the ALJ, any rejection must be based on adequate findings. In this case, the Magistrate Judge determined that the ALJ did not properly reject Dr. Fishburne's IQ score.

However, the Magistrate Judge determined that any error in invalidating the IQ score is harmless. In addition to the IQ score requirement, Listing 12.05B requires:

> 2. Significant deficits in adaptive functioning currently manifested by an extreme limitation of one, or marked limitation of two, in the following areas of mental functioning:
>     a. Understand, remember, or apply information…; or
>     b. Interact with others…;or
>     c. Concentrate, persist, or maintain pace; or
>     d. Adapt or manage oneself…

20 C.F.R. § Pt.404, Subpt. P, App. 1, Listing 12.05.

The ALJ found moderate limitation in all four categories and did not find an extreme limitation in one category, or a marked limitation in two categories as required in Listing 12.05B. Because a plaintiff cannot meet a Listing if any prong of the Listing is not met, and the ALJ determined that Plaintiff does not meet the adaptive functioning prong, any error in invalidating the IQ score is harmless. This

3

analysis is supported by caselaw. *See Brown v. Colvin*, No. 6:15-cv-2539-DCN-KFM, 2016 WL 11410916, at *8 (D.S.C. July 13, 2016) (explaining, "even if the ALJ erred in finding that the IQ scores were not valid, such error was harmless as the ALJ's finding that the record did not support deficits in adaptive functioning is supported by substantial evidence"), adopted by 2016 WL 5539522 (D.S.C. Sept. 30, 2016). Thus, because the ALJ's determination that Plaintiff did not have a valid IQ score between 60 and 70 was harmless error and because Plaintiff himself acknowledges that he does not meet Listing 12.05B, this objection is overruled.

In Plaintiff's second objection, he argues that the ALJ improperly considered his ADHD in determining his RFC. Plaintiff claims that the ALJ "makes absolutely no mention of Mr. McFadden's ADHD diagnosis in any part of his decision." ECF No. 27 at 4. To the contrary, the ALJ expressly stated that Plaintiff had been diagnosed with ADHD. (Tr. 22, 23). Further, the record shows that the ALJ considered the ADHD diagnosis in determining an RFC, stating the claimant "was assessed as having an attention deficit hyperactivity disorder, which was described as stable." (Tr. 22). The ALJ also in conjunction with noting ADHD discusses how it, and the claimant's condition, would impact the disability issue. Therefore, this objection is overruled.

The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). After careful review of the ALJ's decision and the evidence in the record, the Court finds that the ALJ supported his decision with substantial evidence. The Court notes

and finds persuasive the detailed analysis set forth in the Report of the Magistrate Judge, which concludes that the ALJ's determination that the Plaintiff did not meet Listing 12.05B and that the ALJ sufficiently considered the Plaintiff's impairments in combination, including the ADHD diagnosis, in determining an RFC assessment, is supported by substantial evidence.

After careful consideration of the Report, objections hereto, and the record before the Court and for these reasons stated herein, it is hereby **ORDERED** that the Report, ECF No. 22, is **ACCEPTED**, and Plaintiff's objections, ECF No. 27, are **OVERRULED**. The Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_____
Terry L. Wooten
Senior United States District Judge

March 4, 2020
Columbia, South Carolina